Alexander TAYLOR, Respondent,

v.

MISSOURI PACIFIC RAILROAD COMPANY, Appellant.

No. 35283.

Missouri Court of Appeals, St. Louis District, Division Two.

April 23, 1974.

Motion for Rehearing Denied, or to Transfer to the Full Court Denied or Transfer to the Supreme Court Denied May 14, 1974.

Application to Transfer Denied July 22, 1974.

William R. Kirby, St. Louis, for respondent.

Charles P. Lippert, James A. Hesse, St. Louis, for appellant.

CLEMENS, Judge.

Plaintiff Alexander Taylor, a railroad switchman, sued under the Federal Employers' Liability Act for personal injuries from an assault by another employee. Defendant Missouri Pacific Railroad Company has appealed from judgment for plaintiff pursuant to a $20,000 verdict.

The determinative issues are whether defendant's employee Carson was negligent in failing to report to defendant the conduct of a third employee as imperiling plaintiff's safety and, if so, whether that failure proximately caused plaintiff's injuries. We find against plaintiff on both issues.

Plaintiff was the only witness on the issue of liability. He testified: On the afternoon of January 30, 1969 plaintiff reported to his assigned switchmen's shanty

and with two other crew members, Carson and Bateman, waited in their locker room for work orders. An intercom connected the locker room with the yardmaster's office upstairs. Another Missouri Pacific employee, Otis Ross, unknown to plaintiff, entered the locker room and asked for change to use in a vending machine located in the adjacent car inspector's locker room, accessible only by going out of doors. Plaintiff gave Ross the change and Ross left. A while later plaintiff heard a noise like glass breaking or someone hitting a locker with a hammer. Carson went outside to investigate, returned and said Ross had "torn up the candy machine." Plaintiff, Carson and Bateman continued waiting in the locker room; no one saw or heard from Ross for the next five or ten minutes, nor did anyone tell the yardmaster about Ross damaging the vending machine. Then Ross came back to the locker room and said he had lost forty cents in the machine. He was carrying a spike mall. Ross began to argue with plaintiff over Ross' need to have the candy man's and plaintiff's names so he could get his money back. Ross pounded the table with the mall and plaintiff, frightened, said, "Don't threaten me," but Ross again pounded the table. Plaintiff again told Ross not to threaten him or he would get the mall "where he didn't want it." As Ross started to walk out, plaintiff went to the intercom to report the incident to the yardmaster and as he began the call someone yelled, "Al, look out." Ross hit plaintiff with the spike mall.

Plaintiff read into evidence Missouri Pacific's Rule D: "Employees must report to the proper officer any violation of rules or instructions, any condition or practice which may imperil the safety of trains, passengers, or employees, and any misconduct or negligence affecting the interests of the railroad."

At the close of plaintiff's case the trial court denied defendant's motion for a directed verdict. Defendant offered no evidence.

■ To recover plaintiff must prove defendant was negligent. The "liability of a railroad under the F.E.L.A. requires that there be negligence on the part of the railroad." New York, New Haven and Hartford Railroad Co. v. Cragan, 352 F.2d 463 (1st Cir. 1965) [1].

Defendant's Rule D did require employees to report any condition or practice which may imperil the safety of other employees. Plaintiff contends Ross' breaking of the candy machine imperiled his safety and defendant's employee Carson violated company rule D by failing to report that incident to defendant's yardmaster.

■ To recover plaintiff first must show Carson was negligent in failing to report to the yardmaster the conduct of Ross in breaking up the vending machine. We find Carson could not have reasonably anticipated from Ross' conduct in breaking the vending machine that Ross would return later and assault plaintiff. Negligence which imposes liability must result from a faulty or defective foresight; it is predicated on what should have been anticipated and not merely on what has happened. Gruetzemacher v. Billings, 348 S. W.2d 952 [3] (Mo.1961). It follows that one is not liable for an injury that could not reasonably be anticipated by the use of ordinary care. Miller v. Brunson Const. Co., 250 S.W.2d 958 [1–4] (Mo.1952). As said in McVicar v. W. R. Arthur & Co., 312 S.W.2d 805 [10–14] (Mo.1958): "Mischief which no reasonable person would have anticipated cannot be taken into account as a basis upon which to predicate a wrong in the law of negligence," citing 38 Am.Jur., Negligence, § 24, p. 669.

■ While Ross' attack on the vending machine in another room was wrongful there is no evidence this act imperiled plaintiff's safety so as to require Carson, in the interest of plaintiff's safety, to report the incident to the yardmaster. No one could reasonably conclude that one who damaged a vending machine and then went away would inflict injury five to ten

minutes later upon a person who had not even been present. Instead, plaintiff's peril arose only later when plaintiff and Ross, wielding the mall, argued about giving Ross names and plaintiff tried to use the intercom to call the yardmaster's office. Nothing in Ross' *previous* conduct warranted an inference that plaintiff's safety was imperiled by Ross and we find Rule D imposed no duty on Carson to report Ross' previous conduct to defendant. Carson was not negligent as contended by plaintiff.

To be liable under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for an employee's injuries the railroad's negligence must be in whole or in part the cause of the injury. Tennant v. Peoria & Pekin Union Railway Company, 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520 (1944).

■ The burden was on plaintiff to show his injuries were the result of Carson's failure to report Ross' destruction of the vending machine. Assuming, arguendo, that Carson was negligent, plaintiff has failed to show a causal connection between that negligence and his injuries. Plaintiff relies on the assumption that had Carson reported to the yardmaster that Ross had damaged the vending machine the yardmaster could somehow have prevented the harm to plaintiff. There was no evidence on this and the causal connection is left to conjecture and speculation.

In Galloway v. United States, 319 U.S. 372, 63 S.Ct. 1077, 87 L.Ed. 1458 (1943), the Supreme Court spoke of the standards of proof necessary for submission of liability to a jury. The court stated: ". . . the essential requirement is that mere speculation be not allowed to do duty for probative facts, after making the allowance for all reasonably possible inferences favoring the party whose case is attacked." It is conceded that had Carson immediately reported Ross' conduct in breaking the vending machine, the supervisor could have reached the location of the altercation before plaintiff was struck by Ross. It is

mere speculation that the supervisor might have been able to prevent Ross from attacking plaintiff when two other men in the room failed to do so.

Plaintiff's case failed to establish either negligence or proximate cause and the trial court erred in denying defendant's motion for a directed verdict.

Judgment reversed.

SMITH, P. J., and GUNN, J., concur.